```
 1   TRANSCRIBED FROM DIGITAL RECORDING

 2                  IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 3                           EASTERN DIVISION

 4   DR. NICHOLAS ANGELOPOULOS,       ) Docket No. 12 CV 5836
            Plaintiff,                )
 5                                    ) Chicago, Illinois
                  vs.                 ) March 6, 2014
 6                                    ) 10:10:53 o'clock a.m.
     KEYSTONE ORTHOPEDIC SPECIALISTS,)
 7   S.C., et al.,                    )
            Defendants.               )
 8
                    TRANSCRIPT OF PROCEEDINGS - Status
 9            BEFORE MAGISTRATE JUDGE DANIEL G. MARTIN

10   APPEARANCES:
     For the Plaintiff:     GAIR LAW GROUP LTD.
11                          BY:  MR. CHRIS C. GAIR
                            1 East Wacker Drive
12                          Suite 2050
                            Chicago, Illinois  60601
13
                            SIDLEY AUSTIN LLP
14                          BY:  MR. THOMAS REYNOLDS HEISLER
                            One South Dearborn Street
15                          Chicago, Illinois  60603

16   For Defendant Keystone: PEDERSEN HOUPT
                            BY:  MS. NAUREEN AMJAD
17                          161 North Clark Street
                            Suite 3100
18                          Chicago, Illinois  60601

19   For Defendant Dubin:   DOHERTY & PROGAR
                            BY:  MR. MICHAEL THOMAS SPRENGNETHER
20                          200 West Adams Street
                            Suite 2220
21                          Chicago, Illinois  60606

22              Laura LaCien, CSR, RMR, FCRR, CRR
                       Official Court Reporter
23            219 South Dearborn Street, Suite 1902
                     Chicago, Illinois  60604
24                       (312) 408-5032
         **PLEASE NOTIFY OF CORRECT SPEAKER IDENTIFICATION**
25   NOTE:   FAILURE TO STAND NEAR THE MICROPHONE MAKES PORTIONS
     UNINTELLIGIBLE AND INAUDIBLE.
```

1      (The following digitally recorded proceedings were had in
2 open court:)
3           COURTROOM DEPUTY:  12 C 5836, Angelopoulos versus
4 Keystone Orthopedic.
5           THE COURT:  Okay.
6           MR. GAIR:  Good morning, your Honor.  Chris Gair and
7 Thomas Heisler on behalf of the plaintiff.
8           THE COURT:  Good morning, Mr. Gair and Mr. Heisler,
9 how are you?
10          MS. AMJAD:  Good morning, your Honor.
11          MR. HEISLER:  Good morning.
12          THE COURT:  Good morning.
13          MS. AMJAD:  Naureen Amjad on behalf of the Hall
14 defendant.
15          THE COURT:  Ms. Amjad, good morning.
16          MR. SPRENGNETHER:  Sorry, your Honor.  Late to the
17 podium here.
18          THE COURT:  Thanks.
19          MR. SPRENGNETHER:  Sprengnether for the Dubin
20 defendant.
21          THE COURT:  Mr. Sprengnether.  Good morning, one;
22 good morning, all.  Okay.
23          Today, plaintiff's motion to hold Dr. Hall in
24 contempt.  Some late-breaking news, though, that Hall has got
25 a date when he's a sitting for deposition.  Fill me in on the

1   status.

2          MR. GAIR:  Yeah, Judge.  As you know, the parties
3   were here on February 11th.  The Court ordered Dr. Hall to
4   provide a date.  He did provide a date.  It's not even
5   late-breaking news.  He provided a date.  We still haven't
6   gotten dates for his other depositions almost a month later.

7          What happened here, Judge -- and I would like to
8   just take a moment to look at the objective fact.

9          THE COURT:  Let -- Wait, wait, wait.  Let's deal
10  with what the deposition dates are.  I don't want to
11  backtrack out of this --

12         MR. GAIR:  Okay.

13         THE COURT:  -- because a lot of what's transpired
14  since then impacts on my consideration of this.  Which
15  depositions is he sitting for?  He's a 30(b)(6) witness in
16  two separate instances and he's also a defendant.  He's got
17  to provide a personal deposition.  So what are we short here?

18         MR. GAIR:  Okay.  So right now, there are
19  depositions, a single day set for Vertical Plus and MedStaff
20  which was the subject of the original motion to compel.

21         THE COURT:  Vertical Plus and MedStaff.

22         MR. GAIR:  Yes, your Honor.

23         THE COURT:  So those are the two 30(b)(6)
24  depositions?

25         MR. GAIR:  Those are -- No.  Those are two of four

```
 1   30(b)(6) depositions.  There are two other companies --
 2           THE COURT:  I thought he's supposed to provide --
 3   how many?
 4           MR. GAIR:  Five total.
 5           MS. AMJAD:  Your Honor, you had actually ruled on
 6   February 11th that we were supposed to advise for one date
 7   for the Rule 30(b)(6) for Vertical Plus and MedStaff --
 8           THE COURT:  Yeah.
 9           MR. AMJAD:  -- and we did.
10           THE COURT:  But, I mean, five separate depositions,
11   it just -- it strikes me as duplicative and all the rest.
12           MR. GAIR:  Well, Judge, we're not asking for five
13   depositions.  There are four 30(b)(6) parties.  Two are
14   non-parties, two are parties, and it's necessitated by the
15   fact that Dr. Hall has all these different companies.  So we
16   did not specify Dr. Hall as the 30(b)(6) witness.  We are
17   agnostic as to who the 30(b)(6) witness is.  He's insisting
18   that he be the 30(b)(6) witness for all these depositions.
19           THE COURT:  All right.  But I'm still
20   concerned that -- you're saying two but four 30(b)(6)
21   depositions and then his personal deposition which is at
22   least five.  You know, I mean, there's got to be a lot of
23   overlap there and, you know, the parties involved need to --
24   we need to get some definitive answers here with respect to
25   how much time we can compress all these depositions.  He's
```

1   not going to set out five, seven-hour dates. What do you all
2   propose?
3         MR. GAIR: Well, Judge, here's the --
4         THE COURT: First of all, I don't want to hear
5   anything about the motion for contempt right now.
6         MR. GAIR: That's fine, your Honor. What I'm
7   suggesting is that I have a couple of proposals. We have
8   already agreed to consolidate two very significant
9   depositions into one day. There are two other company
10   depositions and, as I said, we don't care who the witness is.
11   We just need to get to the bottom of things and we are
12   willing to consolidate those as well and then we're going to
13   need a deposition of Dr. Hall.
14         In that 30(b)(6) deposition, we're not going to be
15   asking him questions at all. We're asking the company
16   questions; and these companies are defendants in the case,
17   your Honor.
18         THE COURT: So you're still saying five depositions,
19   two --
20         MR. GAIR: I'm --
21         THE COURT: Two in one day, then two more to be
22   consolidated into one day and then the deposition of Hall.
23         MS. AMJAD: Your Honor, if I might --
24         THE COURT: I mean, let Mr. Gair finish.
25         MS. AMJAD: Sure.

```
 1              THE COURT:  Is that what we're dealing with?
 2              MR. GAIR:  Your Honor, that's what we're dealing
 3   with.
 4              THE COURT:  All right.  All right.
 5              MS. AMJAD:  Your Honor, we actually did discuss
 6   this.  I don't believe Mr. Gair was present on February 11th.
 7   However, I was.
 8              THE COURT:  Okay.  He's here now, though.
 9              MS. AMJAD:  And your Honor had said that we were to
10   provide one date for the Rule 30(b)(6) deps of Vertical Plus
11   and MedStaff and that we would deal with the party
12   depositions at a later time.
13              THE COURT:  I call that the personal depositions.
14              MS. AMJAD:  Right.
15              THE COURT:  Is it the same thing?
16              MS. AMJAD:  Yes, the personal depositions.  And,
17   your Honor --
18              THE COURT:  Personal deposition.  One personal --
19   one as a defendant in the case.
20              MS. AMJAD:  One personal and then Keystone and Wachn
21   are also defendants and they would like to take the
22   depositions of those as well.  They -- plaintiff have moved
23   for leave to file a second amended complaint.  The parties
24   are currently briefing that issue.  Until the Court rules
25   whether or not the second amended complaint is on file, it
```

1  would be difficult to be able to set --
2          THE COURT:  And that's Judge Dow's -- that's Judge
3  Dow's issue.
4          MR. GAIR:  Your Honor, your Honor, if I may, Wachn
5  is a defendant in this case.  We're entitled -- we should be
6  entitled to a full day for Wachn, we should be entitled to a
7  full day for Keystone and we should be entitled to a full day
8  for Dr. Hall.
9          If -- what I would suggest -- and we're not going to
10 waste time, Judge.  The point here is to get depositions set.
11 That's the entire basis behind our motion.
12         THE COURT:  I'm just dealing with Hall right now.
13 Wachn and Keystone are not issues in front of me.  You're
14 entitled to a full day for whoever it is.
15         MR. GAIR:  Okay.  Just so I understand, your
16 Honor --
17         THE COURT:  Okay.
18         MR. GAIR:  -- is -- are we all in agreement that I'm
19 entitled to a full day for Wachn, a full day for Keystone --
20 each of whom is a defendant -- and a full day for Hall?
21         THE COURT:  Well, let me hear from your opponent
22 then.  All the sudden -- I mean, I've got plaintiff's motion
23 to hold Dr. Hall in contempt pending in front of me and I'm
24 trying to parse through that because I'm not easily inclined
25 to refer or to recommend that the District Court hold

1  somebody in contempt if there's a way around it so let's deal
2  with that.
3          Keystone and Wachn come in and how they impede on
4  Hall's time, deposition time, I'm not sure of so what's going
5  on?
6          MR. GAIR:  We cannot get them to give us dates,
7  Judge.
8          MS. AMJAD:  Actually, that's inaccurate.
9          MR. GAIR:  We've got one --
10         THE COURT:  Don't start fighting with each other.
11 Let me resolve it today, okay?  I'll make some decisions.
12         MR. GAIR:  Look, Judge, I don't care if you would
13 ask Judge Dow to hold him in contempt or not.  We just need
14 dates.  We've been asking for dates and they gave us one
15 date, which is what you ordered, but now do we have to keep
16 coming back over and over to you and asking for more dates to
17 depose parties to the litigation?  It doesn't make sense.
18         THE COURT:  Okay.
19         MR. GAIR:  What we would like you to do is give us
20 an extra day for the non-party 30(b)(6) depositions, a
21 date -- one day for each of the three defendant's depositions
22 and we will be happy.
23         THE COURT:  That's, what, five days now?
24         MR. GAIR:  That's five but we can try and
25 consolidate the non-parties into a day and a half.  So --

1   they're not going to go full days, Judge, but we have to have
2   this option because they're parties, three of them are
3   parties to the lawsuit.
4               THE COURT:  I understand.  Ms. Amjad, what --
5               MS. AMJAD:  Your Honor, with all due respect as I've
6   mentioned, plaintiff --
7               THE COURT:  I never like "all due respect" prefaces
8   because something always follows that's not respectful but go
9   ahead.
10              MS. AMJAD:  Plaintiff has moved for leave to file a
11  second amended complaint.  The District Court -- the District
12  Court Judge has not yet ruled on that.  The parties are
13  briefing it.  I simply am unsure how there could be party
14  depositions when there's not a new complaint on file.
15              MR. GAIR:  Judge, there's a complaint on file that
16  names all three of these.  That complaint --
17              THE COURT:  We're going to move ahead with the
18  depositions, okay.  What's going on in the District Court,
19  you know, and entering and continuing on this thorny issue
20  indefinitely is not on my schedule today, guys.
21              I want to try and get Hall who has been quite
22  elusive and reluctant, to say to least, to sit for a
23  reasonable time for depositions.  Five days sounds excessive
24  when you can't even pin this guy down for one day.  Now I've
25  got a date for the 11th.  You know, let's take two more days

```
 1   and call it a day, you know.  I mean, you want a decision,
 2   I'll give you a decision.  Speak now or forever hold your
 3   peace.
 4             MR. GAIR:  Your Honor --
 5             THE COURT:  I'm little up to here with Dr. Hall,
 6   too --
 7             MS. AMJAD:  Your Honor --
 8             THE COURT:  -- and his elitist attitude that he
 9   doesn't have to participate in the depositions especially
10   since he's a 30(b)(6) deponent so what can we do?
11             MS. AMJAD:  Your Honor, since we were here last,
12   we've not said to plaintiff that we're not going to produce
13   Dr. Hall.
14             THE COURT:  Okay.
15             MS. AMJAD:  Things have not changed since February
16   11th so it's very good.
17             THE COURT:  Good.  So let's agree on what we're
18   going to do right now.
19             MS. AMJAD:  Sure.
20             MR. GAIR:  Your Honor, my request --
21             THE COURT:  March 11, 2014, he's available all day.
22             MS. AMJAD:  Yes.  That's correct.
23             MR. GAIR:  Yes, your Honor.
24             THE COURT:  Okay.  What are two other dates?
25             MS. AMJAD:  I can certainly check with Dr. Hall or
```

```
 1   honestly --
 2              THE COURT:  I'll order some dates and --
 3              MS. AMJAD:  That's fine, your Honor.  It was not --
 4   that was not what the motion for contempt was for today so I
 5   wasn't ready.
 6              THE COURT:  I'm denying the motion for contempt or
 7   to recommend contempt to Judge Dow but without prejudice and
 8   with leave to reinstate if he keeps playing games with his
 9   opponents.
10              MS. AMJAD:  Your Honor, he's not playing games.
11   They have not asked us yet to schedule those depositions.
12   The only thing I would ask is, if his depositions, his party
13   depositions get scheduled prior to the second amended
14   complaint being on file, I would simply ask that plaintiffs
15   not be able to re-depose him then when a new complaint is on
16   file.
17              THE COURT:  I'm not going to make a ruling one way
18   or another on that, you guys.  I mean -- you know.
19              MR. GAIR:  Judge, I can probably make this easy.
20              THE COURT:  How does the amended complaint --
21              MR. GAIR:  I can make --
22              THE COURT:  Hold on, Mr. Gair.  How would the
23   amended complaint change the legal landscape and would you --
24              MS. AMJAD:  It has nine extra counts, your Honor.
25              MR. GAIR:  It's all arising out of the same
```

```
 1  operative facts.  We're not going to ask the Court for
 2  another deposition if the amended complaint is granted, which
 3  I'm quite -- well, I won't predict what Judge Dow will do.
 4  But this -- look, Judge, not only have we asked for these
 5  other dates, we have asked in the motion that is before the
 6  Court specifically for the relief of asking -- setting dates
 7  between May 1st and June 15th for Hall -- for the various
 8  depositions of the parties and the 30(b)(6) witnesses.
 9  That's all we want.
10            THE COURT:  Okay.  I don't want to stop until I've
11  heard from everyone.  Go ahead.
12            MS. AMJAD:  We have no problem with that, your
13  Honor.  We can provide to plaintiff's counsel today those
14  dates.  Is your Honor suggesting that we provide three or
15  two?
16            THE COURT:  Three.
17            MS. AMJAD:  Okay.
18            THE COURT:  Because I'm going to provide the three.
19  And if you are able to by agreement provide alternatives --
20  we've already got the 11th -- so I'm going to say the 11th,
21  12th, and 13th.  Okay?
22            MR. GAIR:  Well, Judge, we are still fighting over
23  document discovery and so the 11th, 12th, and 13th, we're not
24  going to be ready to take the plaintiff's deposition until we
25  have some of the documents and that's why we've asked
```

```
 1  for what I think --
 2            THE COURT:  I thought he was set for the 11th?
 3            MR. GAIR:  He is for one company.  He's a 30(b)(6)
 4  witness for a non-party.  But for the two party companies and
 5  for himself, we would like to set dates that are fair to
 6  everybody starting in May and going through early June just
 7  so that we can get this done in a reasonable fashion; not
 8  wait until June right before discovery is closed and then
 9  come asking the Court and whining and saying we've haven't
10  taken his deposition yet.
11            THE COURT:  Ms. Amjad, what do you propose?
12            MS. AMJAD:  Your Honor, I certainly was not planning
13  to wait until June and come back to the Court.  This is
14  precisely why --
15            THE COURT:  I understand. Let's just resolve it,
16  okay?  I've indicated the areas of my displeasure, that is,
17  with this whole process being so contentious.  I think
18  three -- three dates are reasonable, more than reasonable,
19  you know, and particularly based on Mr. Gair's representation
20  that not all of the entities need all of the time involved,
21  you know, I mean, they can team up and come in and -- you
22  know, two of these entities can do it in one day, two in
23  another day and then you can take his personal dep on the
24  3rd.  That's really it.
25            So do you want to talk to Hall and determine whether
```

```
 1   it's three days in a row or three days that are -- do you
 2   want a cutoff date?  I mean, I'm willing to consider whatever
 3   you've got.
 4             MS. AMJAD:  I'd prefer not to have --
 5             THE COURT:  But I'm not going to revisit this whole
 6   mess again.
 7             MS. AMJAD:  Sure.
 8             THE COURT:  I'm just going to arbitrarily order
 9   three days; and if he doesn't comply, then I will entertain
10   their motion for whatever sanctions --
11             MS. AMJAD:  I think --
12             THE COURT:  -- are available.
13             MS. AMJAD:  I think we would prefer not having three
14   dates in a row.
15             THE COURT:  Okay.
16             MS. AMJAD:  I don't know if plaintiff's counsel has
17   a preference on that but --
18             THE COURT:  All right.
19             MR. GAIR:  Right.  As I've just explained, I think
20   that we ought to do March 11th and then other dates in May so
21   that we can have documents to --
22             THE COURT:  Fine.  Hold the March 11th date and then
23   consult with your client and determine which two days, not
24   whether, which two days in May he can devote to his
25   obligation to sit for his deposition.
```

```
 1             MS. GAIR:  Absolutely.
 2             THE COURT:  And if he has to cancel some surgeries,
 3   well, you know, sorry but the world will begin to turn anew
 4   the next day and he'll be back on the job, you know, because
 5   that's where we were last time and --
 6             MS. AMJAD:  Right.
 7             THE COURT:  And it was --
 8             MS. AMJAD:  And, your Honor, nothing's changed.  We
 9   had advised counsel last time that Dr. Hall would make
10   himself available and he had just said that it would wait
11   until after March 11th but --
12             THE COURT:  Okay.  March 11th and two days in May.
13             MR. GAIR:  Thank you, your Honor.
14             THE COURT:  Mr. Gair.  Okay.  Are we gonna -- you
15   know, I don't want to get a big, fat filing in two weeks
16   and -- you know.  Let's move on to the substance of the case.
17   I got great lawyers in front of me, you know.
18             MR. GAIR:  I don't -- I don't blame you and I agree
19   with you that our opponent is a great lawyer.  This has
20   nothing to do with the dispute among the lawyers in my
21   judgment, your Honor, but we will try our best to bring this
22   case to the conclusion of discovery so we can have a trial.
23             THE COURT:  Mr. Sprengnether, Mr. Heisler, anything
24   to add or are you just content to let these two fight it out?
25             MR. SPRENGNETHER:  I intend to let them fight, your
```

1  Honor.
2       THE COURT:  He who fights and runs away shall live,
3  too.  To live another day.
4       MR. SPRENGNETHER:  This gray hair is -- I've learned
5  a lot in 40 years of doing this.
6       THE COURT:  Okay.
7       UNIDENTIFIED MALE SPEAKER:  Thank you, your Honor.
8       MS. AMJAD:  Thank you, your Honor.
9       UNIDENTIFIED SPEAKER:  Thank you, your Honor.
10       THE COURT:  Okay.  Can we agree?  Are we all set?
11       MS. AMJAD:  Yes.
12       THE COURT:  All right.  The motion to hold Dr. Hall
13  in contempt is denied without prejudice.  Okay.
14       MS. AMJAD:  Thank you, your Honor.
15       MR. GAIR:  Thank you, your Honor.
16       COURTROOM DEPUTY:  Court's in recess until 10:30.
17    (Which concluded the proceedings in the above-entitled
18  matter.)
19                    C E R T I F I C A T E
20       I hereby certify that the foregoing is a
21  transcription of proceedings transcribed from digital
22  proceedings held before the Honorable Daniel G. Martin on
23  March 6, 2014.
24  */s/Laura LaCien*
    _____                March 7, 2014
25  Laura LaCien                             Date
    Official Court Reporter