IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DR. NICHOLAS ANGELOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-05836 |
| v. | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| KEYSTONE ORTHOPEDIC SPECIALISTS, | ) | |
| S.C., WACHN, LLC, MARTIN R. HALL, | ) | |
| M.D., | ) | |
| Defendants. | ) | |

**FINAL PRETRIAL ORDER**

**This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.**

Pursuant to the Court's December 20, 2016 Order and its Standing Order on Preparation for Final Pretrial Order for Civil Case Before Judge Dow, the Parties submit the following Final Pretrial Order:

1. **Jurisdiction**

This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367. Specifically, Dr. Angelopoulos is seeking damages under 26 U.S.C. § 7434 for the fraudulent filing of a false information return. This Court has original jurisdiction over Count One under 28 U.S.C. § 1331, as it arises under the laws of the United States. This Court has supplemental jurisdiction over the remaining state law claims against the Defendants under 28 U.S.C. § 1367 as they are so related to Count One that they form part of the same case or controversy under Article III of the United States Constitution.

2. **Claims**

Plaintiff alleges six claims against the Defendants. In Count One, Plaintiff alleges that Defendant Keystone Orthopedic Specialists, S.C. ("Keystone") and Defendant Martin R. Hall, M.D. ("Dr. Hall") violated 26 U.S.C. § 7434 by willfully filing a fraudulent tax form relating to Dr. Angelopoulos with the IRS. In Count Two, Plaintiff alleges that Defendants devised and executed a scheme to defraud Plaintiff to obtain money and property that rightfully belonged to Plaintiff. In Count Three, Plaintiff alleges that Dr. Hall breached his fiduciary duties owed to Plaintiff both as to their business relationship in Keystone and as to WACHN, LLC ("WACHN") in various ways. Count Four will be decided by me. In Count Five, in the event that it is found that the Operating Agreement of WACHN was valid, Plaintiff alleges that WACHN breached the Operating Agreement by failing to pay Plaintiff for his interest in WACHN when he dissociated from it. In Count Six, Plaintiff alleges that Keystone breached its oral contract with Plaintiff by

failing to pay him what Plaintiff was owed under the contract, and by breaching the contract in several other ways that bore on Plaintiff's interest in the company.

The Defendants deny that either Dr. Hall or Keystone is liable for filing a fraudulent tax return, that any of them defrauded the Plaintiff in any way, that Dr. Hall owed or breached any fiduciary duty to the Plaintiff, that WACHN breached the WACHN Operating Agreement or owes the Plaintiff any money due to it, and that Keystone breached the oral contract for Plaintiff's employment.

The Defendants assert two counterclaims against Plaintiff. In Counterclaim Count I, Dr. Hall and WACHN assert that Dr. Angelopoulos breached the Operating Agreement of WACHN by failing to pay the debt he accrued while occupying WACHN's premises. In Counterclaim Count II, Keystone asserts that Dr. Angelopoulos breached his employment agreement by failing to pay amounts he owed Keystone. Dr. Angelopoulos denies that the WACHN Operating Agreement was a valid contract and, even if it were, denies that he breached that contract. Dr. Angelopoulos denies that he breached the Keystone contract.

3. **Relief sought**

Dr. Angelopoulos seeks the following damages:

a) Compensatory damages, which includes attorneys' fees and costs under Count I, and prejudgment interest as itemized in the "Damages Summary" of Plaintiff's expert on Defendants' accounting practices and on damages, which Summary is attached hereto as Ex. 1;

b) A determination, pursuant to 26 U.S.C. § 7434(e), of the correct amount that Keystone should have reported in miscellaneous revenue for Dr. Angelopoulos on the Form 1099-MISC, which tax form is the subject of Count I;

c) An order that Keystone and Dr. Hall withdraw the false and fraudulent Form 1099-MISC and make a correct report in an amount to be established at trial reflecting Dr. Angelopoulos's miscellaneous income, if any, for tax year 2007;

d) Punitive damages under the fraud and breach of fiduciary duty claims;

e) Disgorgement of Dr. Angelopoulos's share of Dr. Hall's "administrative fee" in the amount of $182,720.89;

f) An order requiring Dr. Hall to personally indemnify and hold Dr. Angelopoulos harmless for any liability Angelopoulos may incur in the future as a result of his personal guaranty of the WACHN loan as an alternative to any order requiring WACHN to remove Dr. Angelopoulos as personal guarantor of the WACHN loan;

g) A determination of the fair value of Dr. Angelopoulos's interest in WACHN, including accrued interest;

h) A determination, under 805 ILCS § 180/35-65, of the terms of WACHN's repurchase of Dr. Angelopoulos's distributional interest;

i) An order releasing Dr. Angelopoulos from any and all liability to WACHN;

j) An order requiring WACHN to pay off or refinance its loan or to otherwise cause the bank to remove Dr. Angelopoulos as a guarantor of that loan, or alternatively, an order requiring the members of WACHN to personally indemnify and hold Dr. Angelopoulos harmless for any liability Angelopoulos may incur in the future as a result of his personal guaranty of the WACHN loan;

k) A finding that WACHN acted arbitrarily, vexatiously and in bad faith, and that Dr. Angelopoulos is entitled to attorney's fees and expenses under 805 ILCS § 180/35-60;

l) Alternatively, for a dissolution of WACHN and payment to Dr. Angelopoulos of his distributive share pursuant to 801 ILCS 180/35-1(4)(D) and 801 ILCS 180/35-10;

m) Any other relief as the Court deems just and appropriate.

The Defendants seek the following damages:

a) A finding that Plaintiff breached the WACHN Operating Agreement and owes money to WACHN as a result of that breach;

b) A finding that Plaintiff breached the terms of his employment agreement with Keystone and owes money to Keystone as a result of that breach;

c) Compensatory damages for each of the two counterclaims;

d) Attorneys' fees and costs; and

e) Any other relief as the Court deems just and appropriate.

**4. Witnesses**

Plaintiff's witness list with deposition designations of Merritt Roalsen and Defendants' objections to those designations is attached hereto as Ex. 2. Defendants have filed a *Daubert* motion relating to Plaintiff's expert, Jay Sanders, and are filing motions in limine relating to Plaintiff's witnesses, Michael Hartman, Keith Pitchford, Blair Rhode, and an additional one with respect to certain of Mr. Sanders' opinions.

The deposition transcript of Merritt Roalsen is attached hereto as Ex. 3. It is color-coded to indicate Plaintiff's designations (blue), Defendants' designations (yellow), and Plaintiff's counter-designations (green).

Defendants' witness list with deposition designations and Plaintiff's objections to those designations is attached hereto as Ex. 4. Plaintiff has filed a motion in *limine* relating to Defendants' expert, Michael Pakter.

Plaintiff's statement as to his expert, Jay Sanders, is attached hereto as Ex. 5.

Defendants' statement as to their expert, Michael Pakter, is attached hereto as Ex. 6.

5. **Exhibits**

The joint exhibit list (JX) is attached hereto as Ex. 7.

Plaintiff's exhibit list (PX) with Defendants' objections is attached hereto as Ex. 8.

Defendants' exhibit list (DX) with Plaintiff's objections is attached hereto as Ex. 9.

Stipulations as to authenticity and as to hearsay is attached hereto as Ex. 10. These stipulations also includes a stipulation regarding the voluntary dismissal of Count VII for Unjust Enrichment.

6. **Type and length of trial**

The trial will be a jury trial. Plaintiff estimates the trial will last 5-7 days. Defendants estimate the trial will last approximately 4 days. Plaintiff will be filing a stipulation of dismissal with prejudice on Count VII, unjust enrichment.

7. **Proposed voir dire questions**

The Parties' joint proposed voir dire questions are attached hereto as Ex. 11.

8. **Proposed jury instructions, verdict forms, and special interrogatories**

Proposed preliminary jury instructions to which the Parties agreed are attached hereto as Ex. 12.

Proposed preliminary jury instructions to which the Parties did not agree are attached hereto as Ex. 13.

Proposed final jury instructions to which the Parties agreed are attached hereto as Ex. 14.

Plaintiff's proposed final jury instructions to which Defendants did not agree are attached hereto as Ex. 15.

Defendants' proposed jury instructions to which Plaintiff did not agree are attached hereto as Ex. 16.

9. **Trial Briefs**

Plaintiff and Defendants are filing their Trial Briefs concurrently with the filing of this Final Pre-Trial Order.

10. **Discovery**

All discovery is complete, including the depositions of expert witnesses.

11. **Motions *in limine***

Plaintiff and Defendants are filing their motions *in limine* concurrently with the filing of this Final Pre-Trial Order.

_____
The Honorable Robert M. Dow

_____
Date

| | |
|---|---|
| DR. NICHOLAS ANGELOPOULOS | KEYSTONE ORTHOPEDIC SPECIALISTS, S.C., WACHN, LLC, and MARTIN R. HALL, M.D. |
| By: /s/ Chris Gair<br>One of his Attorneys | By: /s/ Arthur Holtzman<br>One of their Attorneys |
| Chris Gair (ARDC # 6190781)<br>Thomas R. Heisler (ARDC # 6296712)<br>Ryan P. Laurie (ARDC # 6318306)<br>Gair Eberhard Nelson Dedinas, Ltd.<br>1 East Wacker Drive, Suite 2600<br>Chicago, IL 60601<br>(312) 600-4900<br>cgair@gairlawgroup.com<br>theisler@gairlawgroup.com<br>rlaurie@gairlawgroup.com | Arthur Holtzman (#1252844)<br>Naureen Amjad (#6295770)<br>PEDERSEN & HOUPT<br>161 North Clark Street, Suite 2700<br>Chicago, Illinois 60601<br>(312) 641-6888<br>aholtzman@pedersenhoupt.com<br>namjad@pedersenhoupt.com |