**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DR. NICHOLAS ANGELOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-5836 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KEYSTONE ORTHOPEDIC | ) | |
| SPECIALISTS, S.C., WACHN, LLC, | ) | |
| and MARTIN R. HALL, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court are almost two dozen motions *in limine* as well as *Daubert*

motions that have been filed in advance of trial, which is to begin on May 23, 2017. The Court

anticipates issuing a comprehensive opinion that rules on most, if not all, of the pre-trial issues

no later than one week before trial. However, in view of the accommodation that the parties

have reached concerning the anticipated deposition of Dr. Michael Hartman—which moots Dr.

Hartman's motion to quash subpoena [360]—the Court today issues a separate ruling on

Defendants' motion *in limine* No. 9 to facilitate the parties' efficient preparation for the

deposition. In that motion *in limine*, Defendants seek to bar testimony by Dr. Hartman as well as

Drs. Keith Pitchford and Blair Rhode [317, at 11]. For the reasons that follow, the Court grants

in part and denies in part Defendants' motion *in limine* No. 9 [317, at 11]. In addition, Dr.

Hartman's motion to quash [360] is denied as moot. The parties are directed to take Dr.

Hartman's deposition during the week of May 15, 2017 and will be permitted to present his

admissible testimony at trial by deposition in lieu of live testimony. [See 361, 362.] The Court

appreciates the resolution of this issue and notes that in light of the rulings set forth below, the

deposition (and corresponding trial testimony) will be limited in scope.

## I. Discussion

Defendants' motion No. 9 seeks to bar reference to Defendant Keystone's and Defendant Hall's disputes with other physicians Drs. Keith Pitchford, Blair Rhode, and Michael Hartman. Plaintiff has clarified that he will not call Drs. Pitchford and Rhode to testify about their disputes with Defendant Hall. [333, at 9.] Rather, Plaintiff seeks to call these two witnesses to testify about their opinion on Defendant Hall's character for truthfulness. Under Rule 608(a), Drs. Pitchford and Rhode are permitted to offer reputation or opinion testimony about Defendant Hall's reputation or character for untruthfulness. Fed. R. Evid. 608(a). Plaintiff explains that Drs. Pitchford and Rhode will testify that having worked for Defendant Hall and practiced in the same field and in the same geographic area, they have a sufficient foundation to offer an opinion on Hall's reputation in the community for truthfulness. This type of testimony is permissible under Rule 608(a), and thus the Court denies in part Defendants' motion No. 9. Of course, Drs. Pitchford and Rhode are not permitted to testify as to specific instances of Defendant Hall's conduct in order to attack his character for truthfulness. See Fed. R. Evid. 608(b).

Plaintiff asserts that he intends to call Dr. Michael Hartman, who practiced at Keystone from late 2007 to 2008, to offer testimony that when he left Keystone, Defendant Hall "made up phony debt which he claimed Dr. Hartman owed him." Plaintiff contends that this testimony should be admissible under Rule 404(b) to establish that Defendant Hall's claim that Plaintiff owed him money after leaving was not a mistake, but was done with fraudulent intent. The Court is not convinced by Plaintiff's 404(b) argument. First of all, Plaintiff has not indicated where in the record Defendant Hall claims that he *mistakenly* stated that Plaintiff owed him money; rather, Defendants' position seems to be that Plaintiff does in fact owe Defendants

money. See *United States v. Gomez*, 763 F.3d 845, 860 (7th Cir. 2014) (emphasizing that the court must conduct Rule 403 balancing when evaluating potential 404(b) "other-act" evidence and "should take into account the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case"). Further, and more importantly, Plaintiff has not established a propensity-free chain of reasoning showing how any claim by Defendant Hall that Dr. Hartman owed him a non-existent debt makes it more likely than not that Defendant Hall intended to defraud Plaintiff in the case at bar. See *id.* (stressing that the relevance of "other-act evidence" to a specific purpose other than a person's character or propensity to behave in a certain way "must be established through a chain of reasoning that does not rely on the forbidden [propensity] inference"). Plaintiff seems to be offering Dr. Hartman's testimony for the impermissible propensity inference that Defendant Hall "made up phony debts" in the past and thus he is the type of person who makes up phony debts. Since Plaintiff has not demonstrated that Dr. Hartman's testimony is relevant for permissible 404(b) purposes, Defendant's motion No. 9 is granted in part: Dr. Hartman may not testify that Defendant Hall "made up phony debut which he claimed Dr. Hartman owed him."

However, Dr. Hartman still may testify as to opinion or reputation evidence about Defendant Hall's character for untruthfulness pursuant to Rule 608(a). Defendants argue that Dr. Hartman is not a proper Rule 608 witness because the subject matter of his expected testimony was not previously disclosed in Plaintiff's Rule 26(a)(1) disclosures or amendments thereto. However, Plaintiff disclosed Dr. Hartman has having knowledge about his relationship with Defendant Hall, which fairly encompasses any opinions that Dr. Hartman may have about

Defendant Hall's character for untruthfulness as a consequence of his personal and professional dealings with Hall.[1]

## II.       Conclusion

For the reasons set forth above, the Court grants in part and denies in part Defendants' motion *in limine* No. 9 [317, at 11].   In addition, Dr. Michael Hartman's motion to quash subpoena [360] is denied as moot in view of the parties' agreement to take Dr. Hartman's deposition and to present his admissible testimony at trial by deposition in lieu of live testimony. [See 361, 362.]


Dated: May 12, 2017

_____
Robert M. Dow, Jr.
United States District Judge

---

[1] Plaintiff's proposal to call multiple witnesses who propose to offer reputation or opinion evidence under Rule 608 raises an additional concern about the potential under Rule 608(b) to cross-examine Defendant Hall regarding specific instances of fraud (without introducing extrinsic evidence) on the ground that such cross-examination is probative of Defendant Hall's character for truthfulness.  The Court reserves ruling on the permissibility of any such cross-examination and calls to the parties attention the Court's examination of the rule text, committee commentary, case law, and recent analysis in the leading treatises in *Martinez v. City of Chicago*, 2016 WL 3538823, at *8–*9 (N.D. Ill. June 29, 2016).  The Court will discuss this issue with counsel at the final pre-trial conference on May 18, 2017.