# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. NICHOLAS ANGELOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-5836 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KEYSTONE ORTHOPEDIC | ) | |
| SPECIALISTS, S.C., WACHN, LLC, | ) | |
| and MARTIN R. HALL, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendants' motion *in limine* No. 12 to have the Court decide Count III for breach of fiduciary duty [350]. For the reasons that follow, Defendants' motion No. 12 [350] is denied.

**I.   Discussion**

Defendants filed a motion [350], albeit more than two weeks after the April 10, 2017 deadline [see 307], requesting that the Court, not the jury, decide Plaintiff's claim for breach of fiduciary duty (Count III). Federal procedural law controls the question of whether there is a right to a jury trial. *Client Funding Sols. Corp. v. Crim*, 943 F. Supp. 2d 849, 855 (N.D. Ill. 2013) (citing *Simler v. Conner*, 372 U.S. 221, 221 (1963)). Federal Rule of Civil Procedure 38(a) provides that there is a right to a jury trial where either the Seventh Amendment or any federal statute so requires. Fed. R. Civ. P. 38(a); *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004). Because Plaintiff has not pointed to any statutes supporting his contention that he is entitled to a jury trial on this claim, his right to a jury trial depends solely on the Seventh Amendment, *Int'l Fin. Servs. Corp.*, 356 F.3d at 735, which

guarantees the right to a jury "In Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). To determine whether a claim falls within the ambit of "Suits at common law," the Court must conduct a two-stage inquiry. First, the Court must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417–18 (1987)). Second, the Court is to "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* (quoting *Tull*, 481 U.S. at 417–18). "The second stage of this analysis is more important than the first." *Id.*; see also *Int'l Fin. Servs. Corp.*, 356 F.3d at 735.

Actions for breach of fiduciary duty historically were considered equitable. *Client Funding Sols. Corp.*, 943 F. Supp. 2d at 856. The second stage inquiry is the more important of the two, however. Thus, the Court must determine whether the type of relief sought is equitable or legal. "Unfortunately, there is no cut-and-dried rule that allows a court to determine whether a remedy is equitable or legal in nature." *Int'l Fin. Servs. Corp.*, 356 F.3d at 736. As a general matter, though, legal remedies traditionally involve money damages, while "[e]quitable remedies, by contrast, are typically coercive, and are enforceable directly on the person or thing to which they are directed." *Id.* Where an action involves both legal and equitable issues, a right to a jury exists as to the legal issues. *Black & Decker Corp. v. Positec USA Inc.*, 118 F. Supp. 3d 1056, 1060 (N.D. Ill. 2015); see also *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510–11

(1959) ("[O]nly under the most imperative circumstances * * * can the right to a jury trial of legal issues be lost through prior determination of equitable claims."). Thus, the ultimate unit of analysis is "the issue to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970).

Defendants argue that Plaintiff requests the following equitable relief in Count III: (1) "[D]isgorgement of [Plaintiff's] share of [Defendant] Hall's 'administrative fee' in the amount of $182,720.89," and (2) "an order requiring [Defendant] Hall to personally indemnify and hold [Plaintiff] harmless for any liability [Plaintiff] may incur in the future as a result of his personal guaranty of the WACHN loan as an alternative to any order requiring WACHN to remove [Plaintiff] as a personal guarantor of the WACHN loan." According to Defendant, these claims for equitable relief outweigh Plaintiff's requests for compensatory damages and punitive damages in Count III, and thus Count III should be decided by the Court and not the jury.

Plaintiff argues that "disgorgement" is a mischaracterization of its request for relief, despite the fact that Plaintiff used this term in his Third Amended Complaint [222, at ¶ 165(b)]. Plaintiff explains that the administrative fee did not go to Defendant Hall, but rather increased the amount of expenses Plaintiff had to pay on behalf of Defendant Keystone. Thus, according to Plaintiff, Defendant Hall cannot "disgorge" money that was never in his possession. Similarly, because Plaintiff brings Count III against only Defendant Hall individually, he contends that he is actually seeking damages, not disgorgement.

Disgorgement is traditionally an equitable remedy. *Client Funding Sols. Corps.*, 943 F. Supp. 2d at 856. However, the fact that Plaintiff originally used the term "disgorgement" is not dispositive. Whether certain relief is equitable or legal "does not depend simply on attaching an equitable label to a claim, such as restitution or disgorgement, because not all relief falling under

3

the rubric of [these remedies] is available in equity." *Will v. Gen. Dynamics Corp.*, 2009 WL 3835883, at *4 (S.D. Ill. Nov. 14, 2009) (citation and internal quotation marks omitted) (alteration in original); see also *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–78 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."). The fact that the funds that Plaintiff seeks to recover were never in Defendant Hall's possession militates in favor of finding that relief to be legal in nature. See *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010) (concluding that relief sought for breach of fiduciary duty was legal, not equitable, where there was no evidence in the record suggesting that defendant was holding money or property that rightfully belonged to plaintiff, and plaintiff was instead alleging that defendant erred in denying plaintiff's claim for insurance benefits, leading to plaintiff suffering "a pecuniary loss and other consequential damages as a result of [defendant's] actions"); *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005) (holding that in breach of fiduciary duty action where the trustee sought only to recover funds attributable to the bankrupt company's loss, not the director's unjust gain, and director had never possessed the funds in question, the trustee had a legal claim for compensatory damage, not an equitable claim for restitution); *Will*, 2009 WL 3835883, at *4 ("[F]or a claim to lie in equity, 'the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendants possession.'" (quoting *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002)).

Next, Plaintiff argues that he seeks the equitable remedy of "an order requiring [Defendant] Hall to personally indemnify and hold [Plaintiff] harmless for any liability [Plaintiff] may incur in the future as a result of his personal guaranty of the WACHN loan" only as an alternative form of relief. Plaintiff asserts that the primary relief he seeks is $1.4 million in

4

damages from Defendant Hall based on the WACHN loan guaranty, [354, at 2], and thus if the jury awards damages for the value of the WACHN guaranty, then no equitable issue will arise. If, on the other hand, the jury does not award damages for the WACHN guaranty, Plaintiff would then request that the Court address his alternative request for equitable relief in the form of an indemnification order.

The Court concludes that despite the fact that a garden-variety breach of fiduciary duty ordinarily is an equitable claim, since Plaintiff's requests for compensatory damages, punitive damages, and damages for Plaintiff's share of Defendant Hall's "administrative fee" are legal in nature—and only Plaintiff's alternative request for relief is equitable in nature—Plaintiff is entitled to a jury trial on the legal aspects of Count III. See *Dairy Queen, Inc.*, 369 U.S. at 472–73 ("[W]here both legal and equitable issues are presented in a single case, only under the most imperative circumstances * * * can the right to a jury trial of legal issues be lost through prior determination of equitable claim" (citation and internal quotation marks omitted)); *Int'l Fin. Servs. Corp.*, 356 F.3d at 735 (noting that whether the relief sought is legal or equitable in nature is more important than whether the action would lie in equity in 18th-century England); *Black & Decker Corp.*, 118 F. Supp. 3d at 1064 (explaining that when it is ambiguous whether or not a party has a right to a jury trial, "any doubts should be resolved in favor of finding a constitutional jury right, as the 'federal policy favoring jury trials is of historic and continuing strength'" (quoting *Simler*, 372 U.S. at 222)). As a practical matter, this may necessitate a change in the verdict form to break out the request for damages relating to the WACHN guaranty. If the jury does not award Plaintiff damages for the WACHN guaranty, Plaintiff can then request that the Court address his alternative request for equitable relief through his post-trial motions.

Finally, as discussed at the final pre-trial conference on May 18, 2017, the Court also is permitted to submit any equitable issues to the jury for an advisory verdict. See Fed. R. Civ. P. 39 ("In an action not triable of right by a jury, the court * * * may try any issue with an advisory jury"); *Price v. Marshall Erdman & Assocs., Inc.*, 966 F.2d 320, 324 (7th Cir. 1992) ("An equity judge can always submit an issue to a jury for advice, but he is not bound by the advisory verdict."). The Court will of course be bound by the jury's determination of relevant factual issues, but not by the jury's advisory verdict on any equitable relief. See *Price*, 966 F.2d at 324; *Client Funding Sols. Corp.*, 943 F. Supp. 2d at 858–59. Defendant's motion is denied.[1]

## II. Conclusion

For the foregoing reasons, Defendants' motion *in limine* No. 12 to have the Court decide Count III for breach of fiduciary duty [350] is denied.

Dated: May 19, 2017

_____
Robert M. Dow, Jr.
United States District Judge

---

[1] To the extent that the Court becomes convinced upon further reflection prior to the entry of a final and appealable judgment that there is no right to a jury trial on Count III, the Court retains the option of treating all of the jury's determinations as advisory (or disregarding them altogether). See *United States v. Ellis Research Labs., Inc.*, 300 F.2d 550, 554 (7th Cir. 1962) ( "The use of an advisory jury under Rule 39(c), F.R.C.P., lies within the discretion of the trial court"); *Black & Decker Corp.*, 118 F. Supp. 3d at 1067 (holding that plaintiffs had a right to a jury trial but noting that the court retained the option of treating the jury's determinations as advisory if the court later became convinced that there was no right to a jury trial); *Burton v. Gen. Motors Corp.*, 2008 WL 3853329, at *1 (S.D. Ind. Aug. 15, 2008) (Hamilton, J.) (taking a motion to strike a jury demand under advisement during trial and instructing the parties that "if it were to find that the plaintiffs had no right to a jury trial on [certain] claims, the court would treat the jury's verdict as advisory").