# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. NICHOLAS ANGELOPOULOS, | )<br>) |
| Plaintiff, | ) Case No. 12-cv-5836<br>) |
| v. | ) Judge Robert M. Dow, Jr.<br>) |
| KEYSTONE ORTHOPEDIC<br>SPECIALISTS, S.C., WACHN, LLC,<br>and MARTIN R. HALL, M.D., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's motion *in limine* No. 6 [326, at 10] to bar reference to Defendants' affirmative defenses. For the reasons set forth below, the Court reserves ruling on Plaintiff's motion *in limine* No. 6 [326, at 10] as to the affirmative defenses of unclean hands and laches. However, Plaintiff's motion No. 6 is denied as to the affirmative defense of failure to mitigate.

## I.  Discussion

Plaintiff moves to bar reference to Defendants' three affirmative defenses of unclean hands, laches, and mitigation. Defendants raised these affirmative defenses in their answer, but they did so in a very cursory and conclusory manner.[1] [232, at 35 ("Plaintiff is barred from obtaining any recovery on his allegations on the basis of the doctrine of unclean hands. * * *

---

[1] The Court further notes that there is no reference to these affirmative defenses in the proposed final pretrial order [316], which alone could be enough to bar Defendants from raising these affirmative defenses at trial. See *Strauch v. Am. Coll. of Surgeons*, 2004 WL 524442, at *2–3 (N.D. Ill. Feb. 19, 2004) (granting plaintiff's motion *in limine* to bar reference to affirmative defense where proposed final pretrial order did not make any reference to the affirmative defense in setting out the issues to be resolved at trial, noting that this omission would alone call for a ruling barring the attempted introduction of such evidence, and also explaining that the proffered evidence was insufficient to support the affirmative defense).

Plaintiff is barred from obtaining any recovery on his allegations on the basis of the doctrine of laches. * * * Plaintiff is barred from obtaining any recovery on the basis that he failed to mitigate his damages.").] A motion to strike the affirmative defenses would have been appropriate. See *Top Tobacco, L.P. v. Good Times USA, LLC*, 2017 WL 395698, at *2 (N.D. Ill. Jan. 30, 2017) (explaining that "affirmative defenses are pleadings and, as such, remain subject to the pleading requirements of the Federal Rules of Civil Procedure" and that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements" will not do (citation and internal quotation marks omitted)). However, Plaintiff did not file a motion to strike the affirmative defenses.

Nevertheless, the Court may rule on whether or not an affirmative defense is available to a defendant in ruling on a motion *in limine*. See *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002). Where a court rules on the availability of an affirmative defense in a motion *in limine*, the court must accept as true the evidence proffered by the defendants. *Id.*; see also *United States v. Santiago-Godinez*, 12 F.3d 722, 727 (7th Cir. 1993). However, "where the evidence proffered in response to the motion *in limine* is insufficient as a matter of law to support the affirmative defense a pre-trial ruling precluding the presentation of the defense is appropriate." *Id.* Before he can present his affirmative defense to a jury, the defendant must meet the minimum standard as to each element of the defense so that if a jury finds it to be true, it would support the defense. *Id.* In doing so, the defendant must present "more than a scintilla of evidence" that demonstrates that he can satisfy the legal requirements for asserting the proposed defense." *Id.* (quoting *United States v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999)).

As an initial matter, the affirmative defenses of unclean hands and laches are equitable in nature, and thus cannot be applied to bar claims for damages. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1973-74 (2014) (holding that "laches cannot be invoked to bar legal relief" and observing that "the dissent has come up with no case in which this Court has approved the application of laches to bar a claim for damages brought within the time allowed by a federal statute of limitations"); *Scheiber v. Dolby Laboratories, Inc.*, 293 F.3d 1014, 1021 (7th Cir. 2002) (explaining that the doctrine of unclean hands "nowadays just means that equitable relief will be refused if it would give the plaintiff a wrongful gain"). Any requests for equitable relief in this case will be addressed to the Court after the jury phase of the trial is complete. Accordingly, the Court reserves ruling on the motion insofar as it seeks to bar the equitable affirmative defenses of unclean hands and laches.

The affirmative defense of failure to mitigate damages, however, is different. "Failure to mitigate is an affirmative defense that must be proven by the defendant and decided by a jury." *Tomao v. Abbott Laboratories, Inc.*, 2007 WL 141909, at *3 (N.D. Ill. Jan. 16, 2007) (citing *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1048-49 (7th Cir. 1999)). "Illinois law imposes a general duty upon parties suffering a breach of contract or tort to make a reasonable effort to mitigate avoidable damages." *Alper v. Altheimer & Gray*, 2002 WL 31133287, at *42 (N.D. Ill. Sept. 26, 2002). Here, Defendants assert that Plaintiff failed to seek input or assistance from Defendants to resolve the 1099-MISC issue and that Plaintiff continued to practice at Keystone for four years and thus "failed to cut off any of his supposed losses." Accepting these allegations as true, as the Court must as this juncture because Plaintiff did not move to strike on Rule 8 grounds, the Court cannot say that a fully developed failure to mitigate defense could not succeed as a matter of law. It will be incumbent on Defendants, of course, to produce sufficient

evidence at trial to justify presenting the issue to the jury for its determination. In denying Plaintiff's motion *in limine* as to the affirmative defense of failure to mitigate, the Court keeps open the question of whether that defense can survive a Rule 50 motion at the close of the evidence.

**II.     Conclusion**

For the foregoing reasons, the Court reserves ruling on Plaintiff's motion *in limine* No. 6 [326, at 10] as to the affirmative defenses of unclean hands and laches. However, Plaintiff's motion No. 6 is denied as to the affirmative defense of failure to mitigate.

Dated: May 19, 2017

_____
Robert M. Dow, Jr.
United States District Judge