# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. NICHOLAS ANGELOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-5836 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KEYSTONE ORTHOPEDIC | ) | |
| SPECIALISTS, S.C., WACHN, LLC, | ) | |
| and MARTIN R. HALL, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendants' motion *in limine* No. 13 [369] to bar the deposition testimony of Dr. Hartman and Defendants' motion [386] for leave to file their brief under seal. For the reasons set forth below, Defendants' motion to file document under seal [386] is granted, and Defendants' motion *in limine* No. 13 [369] is denied.

**I.  Discussion**

The Court previously directed the parties to take Dr. Hartman's deposition during the week of May 15, 2017 and ruled that the parties would be permitted to present Dr. Hartman's admissible testimony at trial by deposition in lieu of live testimony. [364, at 1.] Plaintiff seeks to offer Dr. Hartman as a 608(a) witness to give his opinion about Defendant Hall's character for untruthfulness and as a fact witness to testify about his understanding of the relationship between Defendant Hall and the other Keystone doctors.

Defendants' motion *in limine* No. 13 seeks to bar the testimony of Dr. Hartman, arguing that his testimony about Defendant Hall's character for untruthfulness is "not based on any of his own perceptions and is unquestionably choosing sides" [369, at ¶ 11], and that his testimony that

the other doctors at Keystone were partners is inadmissible hearsay [*id.*, at ¶ 14]. The parties also dispute whether the testimony of the other 608(a) character witnesses offered by Plaintiff should be barred. The Court will address each issue in turn.

### A. 608(a) Character Witnesses

Defendants acknowledge that Dr. Hartman worked with Dr. Hall at Keystone for approximately six months and that he spoke with Dr. Hall about once per week during that period. However, Defendants take issue with the fact that Dr. Hartman "did not mention any specific conversation with [Defendant] Hall that formed the basis for his [ ] opinion." [*Id.*] Defendants contend that Dr. Hartman has no first-hand knowledge of any untruthfulness. Defendants' argument fails for several reasons.

First of all, 608(a) testimony must take "the form of opinion of reputation" evidence, "rather than specific instances of deceit." *United States v. Tedder*, 403 F.3d 836, 839 (7th Cir. 2005). Thus, Dr. Hartman could not properly present to the jury specific conversations that he had with Dr. Hartman that form the basis for his opinion. Further, according to Dr. Hartman's deposition testimony, he had approximately twenty-four conversations with Defendant Hall during his six months at Keystone. [See 369-1 (Hartman Deposition), at 8:12–18, 9:11–16.] Contrary to Defendants' assertion that Dr. Hartman has "no meaningful relationship with [Defendant] Hall," Dr. Hartman's interactions with Defendant Hall are sufficient to provide the basis for his opinion about Dr. Hartman's character for untruthfulness. See *Wilson v. City of Chicago*, 6 F.3d 1233, 1239 (7th Cir. 1993) (holding that the district court judge had erred in excluding the testimony of a 608(a) witness who had spent "a fair amount of time" with defense witness and had "[o]n the basis of his person contacts with [defense witness] [ ] formed the apparently well-substantiated opinion that [he] was 'a consummate liar'"); *United States v.*

*Watson*, 669 F.2d 1374, 1382 (11th Cir. 1982) (holding that the district court erred in excluding a 608(a) witness for failure to meet a foundation requirement and explaining that "a foundation of long acquaintance is not required for opinion testimony"); *United States v. Lollar*, 606 F.2d 587, 589 (5th Cir. 1979) (explaining that 608(a) "imposes no prerequisite conditioned upon long acquaintance or recent information about the witness" (quoting Weinstein's Evidence, at 608(04), at 608–20 (1978))).

Defendants' argument that Dr. Hartman's testimony should be barred because he is "unquestionably choosing sides" and "just telling one side of a story" is without merit. All 608(a) witnesses are offered to tell one side of the story; if the testimony of a 608(a) witness did not support one party, it most likely would be irrelevant. Cf. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) (explaining that the Seventh Circuit has repeatedly warned against attempting to discredit affidavits as "self-serving" since "[m]ost affidavits are self-serving, as is most testimony" (quoting *Wilson v. McRae's, Inc.*, 413 F.3d 682, 694 (7th Cir. 2005))).

Defendants' challenges to Plaintiff's remaining 608(a) character witnesses also fail. Defendants argue that the proposed 608(a) testimony is "not relevant to any of the particular claims at issue." [387, at 3.] However, 608(a) testimony is relevant to the truthfulness of Defendant Hall, and by testifying at trial, Defendant Hall will be putting his veracity at issue. Nor are Defendants' challenges to specific 608(a) witnesses availing. Defendants argue that the 608(a) testimony of Dr. Keith Pitchford, Deborah Meadows, and Jennifer Marcordes should be barred because their opinions are "disputed" and "unsubstantiated." However, Dr. Keith Pitchford worked with Defendant Hall and thus has a sufficient foundation to offer an opinion about Dr. Hall's character for untruthfulness.[1] [See 364, at 2.] Similarly, Meadows was

---

[1] Additionally, the Court has already ruled that Dr. Pitchford is permitted to offer testimony related to Defendant Hall's character for untruthfulness pursuant to Rule 608(a). [364, at 2.]

3

Defendant Hall's office manager and assistant for twenty-seven years, so she has had ample opportunity to form an opinion about Defendant Hall's character for truthfulness that is "rationally based on [her] perception." See Fed. R. Evid. 701(a). Marcordes, for her part, worked with Defendant Hall as a physician's assistant for ten years, and thus also has an adequate basis for forming an opinion about Defendant Hall's character for untruthfulness.

As a general matter, the fact that a 608(a) witness's opinion is "disputed" is not a reason to bar the testimony; most, if not all, opinions of any witness's character for untruthfulness will be disputed. For this reason, Rule 608(a) allows a witness's credibility to be rehabilitated by testimony about the witness's character for truthfulness after the witness's character for truthfulness has been attacked. As Plaintiff points out, there is nothing in the Federal Rules of Evidence suggesting that an exploration into whether the opinion witness is correctly perceiving the situation is a precondition to admissibility. Rather, "[a]n adequate foundation for opinion testimony concerning another witness's character for untruthfulness requires a demonstration that the opinion witness knows the relevant witness well enough to have formed an opinion." *Martinez v. City of Chicago*, 2014 WL 5529644, at *2 (N.D. Ill. Nov. 3, 2014) (barring opinion testimony where there was no claim that proposed opinion witness "knew the relevant witness well enough to have formed an opinion"). The Court concludes that Plaintiff's proffer satisfies this foundational requirement for all of the above-discussed potential Rule 608(a) character witnesses.

Plaintiff also seeks to offer Marcordes's testimony about Defendant Hall's reputation for untruthfulness in the south suburban medical community. Marcordes is physician's assistant who worked with Defendant Hall in the same field and same geographical area for at least ten years. Thus, Marcordes has a sufficient foundation to testify about Defendant Hall's reputation

in the community for truthfulness. See *United States v. Tedder*, 403 F.3d 836, 839 (7th Cir. 2005) (lawyer permitted to testify about defendant former lawyer's reputation for truthfulness in the legal community); *United States v. Bedonie*, 913 F.2d 782, 802 (10th Cir. 1990) (proper foundation established where reputation witness lived and worked in same community as witnesses whose credibility was at issue and knew witnesses personally); but see *United States v. Nedza*, 880 F.2d 896, 904 (7th Cir. 1989) (reputation testimony inadmissible where character witness attended high school with witness whose credibility was at issue but was 57 years old at the time of trial and only foundation for her knowledge about witness's reputation for truthfulness derived from two discussions with former high school classmates).

Finally, to the extent Defendants argue that permitting 608(a) testimony will lead to an "endless" trial and be a "colossal waste of time," the Court notes that Plaintiff asserted at the May 18, 2017 final pretrial conference that he intends to call only two or three 608(a) character witnesses and that each such witness' testimony will be brief. Additionally, and perhaps more importantly, the Court maintains its discretion under Rule 403 to evaluate the probative value of additional character witnesses as the trial progresses and as the Court has a better sense of whether the testimony of additional character witnesses should be excluded as cumulative or a waste of time.

### B. Hearsay Objection

Next, Defendants argue that Dr. Hartman's testimony about his understanding that the doctors at Keystone were partners is inadmissible hearsay. Dr. Hartman testified as follows:

> Q: What was your understanding of their relationship to Dr. Hall?
> A: I thought they were partners.
> Q: And why did you think that?
> A: Well, I was told that. I mean I did not think - - they were not his employees. They were partners because they were working together as a group and they - - I mean - -

5

> Q: Who told you that they were partners?
> A: The - - Dr. Weber did, Dr. Angelopoulos, Dr. Hall. A person named Bear Roalsen who was a person who recruited me to work with Dr. Hall who was Dr. Hall's brother-in-law.

[369-1, 7:18–8:11.] On cross-examination, Dr. Hartman elaborated:

> Q. You testified that you were told by numerous doctors at Keystone that they were partners, correct?
> A. Yes. Including -- Marty Hall's right-hand man was Bear Roalsen at the time, his brother-in-law.
> Q. When did that conversation occur, that Mr. Roalsen told you that the doctors in Keystone were partners?
> A. Well, it was on multiple occasions. Can I give you specific dates? No, I'm not sure anyone could this far down the line, but we had multiple conversations before I joined Marty Hall and his group and afterwards. So probably no less than five, six, seven times?

[*Id.* at 18:4–16.] With one exception, these statements are statements by a party opponent, and thus not hearsay pursuant to Federal Rule of Evidence 801(d)(2). The statements attributed to Defendant Hall are statements "made by the party in an individual or representative capacity." Fed. R. Evid. 802(d)(2)(A). The statements attributed to Dr. Weber and "Bear" Roalsen were "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Fed. R. Evid. 802(d)(2)(D). However, Dr. Hartman cannot testify that Plaintiff said he was a partner at Keystone, as this does not fall within any hearsay exception. Thus, the Court strikes "Dr. Angelopoulos" from line 8 of page 8 of Dr. Hartman's deposition, [369-1, 8:8]. Additionally, the Court is not convinced by Defendants' argument that Dr. Hartman's testimony concerning whether the doctors at Keystone were partners is unnecessarily cumulative and should be excluded pursuant to Rule 403, as Defendants provide no support for this argument. Finally, Defendants argue that Dr. Hartman provides no specifics to support his statements, but this argument goes to weight, not admissibility.

## II.     Conclusion

For the foregoing reasons, Defendants' motion [386] to file document under seal is granted, and Defendants' motion [369] is denied.

Dated: May 23, 2017

Robert M. Dow, Jr.
United States District Judge