# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. NICHOLAS ANGELOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-5836 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KEYSTONE ORTHOPEDIC SPECIALISTS, S.C., WACHN, LLC, and MARTIN R. HALL, M.D., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff's motion *in limine* [382] to bar evidence relating to Defendants' Exhibits 32 and 33. For the reasons set forth below, Plaintiff's motion [382] is denied.

**I.   Discussion**

The Court previously granted Plaintiff's motion *in limine* No. 7 [339] to exclude Defendants' exhibits No. 32 and No. 33, which are purportedly leases for some of Keystone's medical equipment. [365, at 33–34.] Defendants offered these exhibits to support Count II of their counterclaim, which alleges that Plaintiff breached an oral employment agreement with Keystone by failing to pay for this equipment. The Court excluded these documents because Defendants did not disclose them until well after the close of discovery. [See *id.*] Plaintiff now seeks to exclude not only the actual documents, but all testimony and evidence concerning these equipment leases.

Plaintiff argues that if Defendants were permitted to introduce evidence on the subject of the medical equipment leases, it would undermine the Court's ruling excluding the documents.

Plaintiff contends that there would be no effective way to cross-examine Defendant Hall about his testimony concerning the medical equipment leases because Plaintiff's counsel could not contend that no such documents exist. The Court is not convinced.

As an initial matter, Plaintiff's motion *in limine* No. 7 sought to bar Defendants' Exhibits Nos. 32 and 33 and focused solely on the actual documents; the motion made no mention of the *testimony* relating to the documents. [339.] Thus, the Court ruled on Plaintiff's motion *in limine* No. 7 only in regard to the actual documents.

Additionally, despite Defendants' late-disclosure of the leases, Plaintiff was aware of Defendants' counterclaim related to the medical equipment as early as May 12, 2014, when Defendants first filed their counterclaims, [147, 47–48], and thus should have been aware that Defendants may introduce testimony regarding the medical equipment. In fact, it is clear from the exhibits attached to Defendants' response brief that Plaintiff and Defendant Hall were asked about the medical equipment in depositions. Moreover, it is not the lease agreements themselves that give rise to Defendants' counterclaim; rather the counterclaim is based on an alleged oral employment agreement between Keystone and Plaintiff that required Plaintiff to pay for this medical equipment. Because Plaintiff had notice of the counterclaim related to the medical equipment at least three years prior to trial, Plaintiff will not be unduly prejudiced by the introduction of testimony related to the medical equipment and the alleged oral agreement between Plaintiff and Keystone. While the leases themselves likely would have bolstered the strength of Defendants' presentation on this subject, their exclusion was a proper sanction for non-disclosure. However, precluding Defendants from presenting any testimony relating to this part of their counterclaim would be too harsh a sanction for the late disclosure of two exhibits that are by no means Defendants' sole support for their counterclaim.

Next, Plaintiff argues that allowing testimony concerning the equipment would violate the best evidence rule because testimony is only permitted about the contents of a document without actually introducing the document if the document does not exist. The best evidence rule provides that "[a]n original writing * * * is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. "If a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document, however, then Rule 1002 does not apply." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648–49 (7th Cir. 2006). Thus, as long as Defendants offer witnesses who have personal knowledge about the event—Keystone leasing medical equipment and Plaintiff's alleged agreement to pay (or at least contribute toward the payment) for the equipment— this testimony does not violate the best evidence rule. However, if the "testimony goes to the contents of the leases or seeks to prove an event from [the witness's] familiarity with the leases, Rule 1002 applies." *Simmons v. Allsteel, Inc.*, 1999 WL 1045214, at *2 (N.D. Ill. Nov. 12, 1999).

Finally, Plaintiff argues that the counterclaim is "preposterous and self-contradictory" and the Court should bar it from going to the jury pursuant to Federal Rule of Civil Procedure 16(c)(2)(A).[1] However, Plaintiff did not move to strike or dismiss Defendants' counterclaim, nor did Plaintiff move for summary judgement on the counterclaim. Thus, the Court declines to strike Defendants' counterclaim at this late stage.

## II.     Conclusion

For the foregoing reasons, Plaintiff's motion [382] is denied.

---

[1] Under Federal Rule of Civil Procedure 16(c)(2)(A), at any pretrial conference, the court may consider and take appropriate action to "formulat[e] and simplify[ ] the issues, and elimiat[e] frivolous claims or defenses."

Dated: May 23, 2017

_____
Robert M. Dow, Jr.
United States District Judge