# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DR. NICHOLAS ANGELOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cv-5836 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KEYSTONE ORTHOPEDIC | ) | |
| SPECIALISTS, S.C., WACHN, LLC, | ) | |
| and MARTIN R. HALL, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' motion to amend/correct the proposed pretrial order to include a contested jury instruction on ratification [402] and Defendants' request to include as part of the jury instruction on determining the existence of a partnership a sentence indicating that the applicable burden of proof is clear and convincing evidence. For the reasons set forth below, which elaborate on the rulings stated in open court on the morning of June 5, 2017, Defendants' motion to add a jury instruction on ratification [402] is denied, and Defendants' request to include a sentence on clear and convincing evidence in the partnership jury instruction is denied.

I.   **Ratification Affirmative Defense**

On May 30, 2017, the fifth day of trial, Defendants filed a motion to amend/correct the proposed pretrial order to include a contested jury instruction on ratification. The proposed jury instruction states: "If you believe that the Plaintiff ratified an agreement, then you must find in favor of the Defendants. Ratification occurs when an individual who signs or otherwise accepts the terms of an agreement, even under duress, remains silent for any considerable length of time

afterward instead of trying to annul or void the agreement even though he had the opportunity to do so." [402, Exhibit A.]

Federal Rule of Civil Procedure 8(c) requires a defendant to plead any affirmative defense—"including" but not limited to those enumerated in the Rule—in the answer to the complaint. Fed. R. Civ. P. 8(c). The purpose of that rule, as the Seventh Circuit has explained, "is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1996). As the court of appeals explained, "as with other pleadings, the district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset." *Id*. In other words, Defendants are correct that there is no "bright-line rule" that a failure to plead an affirmative defense constitutes a waiver of the defense and that prejudice to the other side is the touchstone of the analysis. *Neuma, Inc. v. Wells Fargo & Co.*, 515 F. Supp. 2d 825, 850 (N.D. Ill. 2006); see also *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009).

Leave to amend therefore frequently is permitted in response to a motion to dismiss and even at the summary judgment stage or later. See *Neuma*, 515 F. Supp. 2d at 850; see also *Marwil v. Cluff*, 2007 WL 2608845, at *10 (S.D. Ind. Sept. 5, 2007) (allowing assertion of additional defense four months before trial date). Nonetheless, as the Seventh Circuit stressed in *Venters*, "the defendant remains obligated to act in timely fashion." 123 F.3d at 967. Thus, "[o]nce the availability of an affirmative defense is reasonably apparent, the defendant must alert the parties and the court to his intent to pursue that defense." *Id*. Prompt action ensures both that the defendant has not been dilatory and that the plaintiff does not suffer prejudice. In considering prejudice, courts in the Seventh Circuit often have looked to the timing of a belated

assertion of an affirmative defense and have tended to deny leave to add a defense when it is asserted at or after the "eleventh hour." See, *e.g.*, *Venters*, 123 F.3d at 967–68 (rejecting additional defense "at the eleventh hour"); *Marwil*. 2007 WL 2608845, at *10 (permitting amended affirmative defense "not at the eleventh hour"). In *Venters*, for example, the Seventh Circuit reversed a district court's decision to permit the assertion of a new defense in a reply brief on summary judgment filed a month before trial and on the eve of an oral argument in the district court. 123 F.3d at 967–68. By waiting until the "eleventh hour," the court of appeals found that the defendant had "bushwhacked" the plaintiff, causing it prejudice because it had been "deprived of any reasonable opportunity to address the defense." *Id*.

Applying this case law to the facts of this case, the Court denies Defendants' motion to add a ratification affirmative defense jury instruction at the eleventh hour. This case is almost five years old, Defendants did not move to include this defense until the fifth day of trial, and the defense was never pled nor mentioned in parties' pretrial order listing of claims and defenses. Since Plaintiff was not put on notice of this defense until the eleventh hour, Plaintiff did not have a reasonable opportunity to address the defense. See *Marketing Specialists, Inc. v. Bruni*, 135 F.R.D. 35, 50–52 (W.D.N.Y. 1989) (denying motion for leave to add affirmative defense made during trial on prejudice grounds). As Plaintiff points out in his response, Defendants did not raise the specter of a ratification defense until after several key witnesses—Drs. Angelopoulos, Chang, and Weber—had testified, and Plaintiff may have taken a different approach to their direct examinations, not to mention in his opening statement, had he been on notice of the proposed defense.

The Court also notes that Defendants' proposed ratification defense appears to overlap with their failure to mitigate affirmative defense, as both defenses are based at least in part on the

3

suggestion that Plaintiff should have left Keystone and WACHN earlier than he did, and the Court has instructed the jury on Defendants' failure to mitigate defense.

## II. Existence of a Partnership: Clear and Convincing Evidence Burden of Proof

The Court denies Defendants' request to add to the existence of a partnership jury instruction on page 40 a sentence explaining that the applicable burden of proof is clear and convincing evidence. The jury instruction on page 40 states:

> A partnership between two or more persons is a contractual relationship and therefore there must be a meeting of minds of the parties to create a partnership. Written articles of agreement are not necessary, for a partnership may exist under a verbal agreement, and circumstances may be sufficient to establish such an agreement. Partnership agreements as to the division of profits may be express or implied from acts, transactions, and the previous conduct of the partners.
>
> In determining the existence of a partnership, the following factors are material: the manner the parties have dealt with each other; the mode in which each has, with the knowledge of the other, dealt with persons in a partnership capacity; whether the partner contributed capital; whether the alleged partnership has advertised using the firm name; whether the alleged partners shared the profits, whether the parties have filed a partnership certificate with the county clerk and whether they have carried telephone listings using the firm name. However, mere participation in profits does not alone create a partnership. The question of whether the parties intended that an agreement or arrangement constitutes a partnership, must be determined from the language and conduct of the parties and from all the facts and circumstances surrounding the transaction. It is an accepted partnership practice that one partner may be charged with greater managerial responsibilities.

Defendants seek to add a sentence stating: "When the evidence contains writings that distinctly indicate a relationship other than a partnership, the plaintiff must prove a partnership by clear and convincing evidence."

"The burden of proving the existence of a partnership rests on the party asserting it"—in this case, Plaintiff. *Seidmon v. Harris*, 526 N.E.2d 543, 546 (Ill. App. Ct. 1988). The burden of proof normally is a preponderance of the evidence. However, under Illinois law, where the evidence contains "writings of the parties that distinctly indicate a relationship other than a

4

partnership," the plaintiff must establish the existence of a partnership by clear and convincing evidence. *Id.* (citing *Baker v. Baker*, 161 Ill. App. 430, 437 (Ill. App. Ct. 1911)). "Distinct evidence giving rise to the clear and convincing standard of proof is unambiguous evidence of a relationship other than a partnership." *Weiher v. Fluid Tech., Inc.*, 1990 WL 139050, at *1 n.4 (N.D. Ill. Sept. 13, 1990).

Applying that controlling law to the case at hand, the Court concludes that the record in the case at hand does not contain a writing "of the parties" that "distinctly" and "unambiguous[ly]" indicates a relationship other than a partnership. See *Seidmon*, 526 N.E.2d at 546; *Weiher*, 1990 WL 139050, at *1 n.4. Defendants offer several writings in support of this instruction, but they all fall short of the mark.

First, Defendants cite to a letter by Dr. Weber written in support of Plaintiff, which states that Plaintiff was not a partner in Keystone [JX 65], a memorandum by Dr. Weber that states that they are not "actual partners" [JX 31], and a letter from Dr. Weber rejecting an offer of an ownership interest in Keystone [JX 58]. However, these letters do not meet the standard of a writing "of the parties" because Dr. Weber is not a party in this lawsuit.

Next, Defendants offer the June 29, 2007 amendment to the WACHN Operating Agreement [DX 2]. This amendment is signed by Dr. Weber, Dr. Angelopoulos, Dr. Chang, and Dr. Narcissi and states that "not all members of WACHN are shareholders in Keystone." However, this writing does not distinctly and unambiguously indicate that Plaintiff was not a partner or shareholder in Keystone. The amendment does not specify which members of WACHN are not shareholders of Keystone, and a reasonable explanation of this statement is that it refers to Dr. Narcissi, who according to the undisputed testimony at trial was not a partner or a

shareholder of Keystone. Thus, this writing is at least ambiguous on whether or not Plaintiff was a partner in Keystone.

Finally, Defendants argue that all of Plaintiff's tax returns include W-2s from Keystone, not K-1s that would indicate a partnership, and that Plaintiff's letter to the IRS in relation to the 1099-MISC at issue in this case states that he is an employee of Keystone. The Court is not convinced that these writings, when placed in context, distinctly evince something other than a partnership. The issues with the IRS regarding the 1099-MISC income from Plaintiff's tax returns were triggered by Defendants' decision to issue the W-2s—a decision into which Plaintiff had no input, much less control. In this context, Plaintiff's correspondence with the IRS was not the "natural place to look for evidence of the partnership arrangement." *Baker*, 161 Ill. App. at 437.

In sum, the Court concludes that there is no writing of the parties that distinctly and unambiguously indicates a relationship other than a partnership, and that the applicable burden of proof therefore is the preponderance of the evidence. See *Legacy Seating, Inc. v. Commercial Plastics Co.*, 65 F.Supp.3d 542, 550–51 (N.D. Ill. 2014) (rejecting defendant's argument that the higher burden of clear and convincing evidence should apply and explaining that defendant's patent application did not "distinctly indicate a different relationship other than a partnership" even though the application never mentioned a partnership); *Snyder v. Dunn*, 638 N.E. 744, 747 (Ill. App. Ct. 1994) (explaining that since the record did not contain any writings that contradict a partnership, plaintiff need only prove the existence of a partnership by a preponderance of the evidence); cf. *Seidmon*, 526 N.E.2d at 546 (applying the clear and convincing evidence burden of proof where the record included defendant's promissory note, which indicated a debtor-creditor relationship, rather than a partnership since the check was payable to defendant as an individual,

rather than to a partnership); *Baker*, 161 Ill. App. at 437 (applying the clear and convincing evidence burden of proof where letters between the parties "clearly point[ed] to the fact that [plaintiff] was the local manager [ ] and was receiving from [defendant] a salary for such work" and plaintiff's letters "repeatedly refer[ed] to the property and the enterprise as belonging to [defendant] alone").

### III. Conclusion

For the foregoing reasons, Defendants' motion to add a jury instruction on ratification [402] is denied, and Defendants' request to include a sentence on clear and convincing evidence in the existence of a partnership jury instruction is denied.

Dated: June 6, 2017

_____
Robert M. Dow, Jr.
United States District Judge